LOTHROP PUBLISHING COMPANY *vs.* FRED H. WILLIAMS & another, assignees.

Suffolk.    January 24, 25, 1906. — April 3, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Assignment*, For the benefit of creditors.    *Corporation.*

A general assignment made by a publishing corporation to trustees for the benefit of creditors, including all property and assets of the corporation not expressly exempted from attachment, and giving the trustees authority, if they deem it expedient to do so, to carry on in whole or in part the business conducted by the assignor, and also, after mentioning different kinds of property and claims, expressly including "all evidence thereof," passes to the trustees the title to and the right to the possession of the books of account of the corporation and the books of record of the meetings of its stockholders and its directors down to the time of the assignment. On the question whether upon the execution of the trust in other particulars without the payment of the debts of the corpora-

tion in full the right to the books would revert to the corporation, the court refrained from intimating an opinion.

The phrase, " always excepting therefrom such property as is exempt by law from attachment or from being taken on execution," occurring in a general assignment by a publishing corporation to trustees for the benefit of its creditors, describes only that kind of property which is the subject of express exemption by statute, and does not except from the assignment the books of account and books of record of the corporation.

Bill in equity, filed as amended on October 30, 1905, by the Lothrop Publishing Company, a corporation organized under the laws of the State of Maine, against the trustees under an assignment for the benefit of creditors, made to them by the plaintiff on February 13, 1904, praying that the defendants might be ordered to deliver to the plaintiff its books of account and books of record mentioned in the opinion, and that the defendants be enjoined from disposing of the books.

The defendants demurred, alleging as causes of demurrer that the bill did not set forth facts showing that the plaintiff was entitled to the possession of the books, that it did not set forth facts showing that the assets and matters committed to the defendants by the assignment had been so far disposed of that they were no longer entitled to the possession of the books, and that the title to the books passed to the defendants under the terms of the assignment.

The case came on to be heard before *Lathrop,* J., who reserved it on the amended bill and demurrer for determination by the full court. If the demurrer should be sustained the bill was to be dismissed; otherwise, such decree was to be entered as justice and equity might require.

*E. R. Anderson,* (*A. T. Smith* with him,) for the plaintiff.

*E. F. McClennen,* (*H. F. Lyman* with him,) for the defendants.

Knowlton, C. J. The plaintiff corporation became financially embarrassed, and made an assignment to the defendants as trustees for the benefit of its creditors. This conveyance included " all and singular the real and personal property and estate and claims of every kind and wheresoever situated belonging to said party of the first part, including all claims, debts, demands and choses in action owing to it, whether now or hereafter payable, and all evidence thereof, always excepting therefrom such property as is exempt by law from attachment or from

being taken on execution." This exception includes only that kind of property which is the subject of express exemption by statute. *Barton* v. *White,* 144 Mass. 281. *Rhode Island National Bank* v. *Chase,* 16 R. I. 37. *Williams* v. *Smith,* 117 Wis. 142. *Lothrop Publishing Co.* v. *Lothrop, Lee & Shepard Co., ante,* 353. It was the duty of the defendants to dispose of the property, and to apply the proceeds to the payment of the debts. They also were authorized by the assignment, if they deemed it expedient so to do, to carry on, in whole or in part, the business theretofore conducted by the plaintiff. They accepted the trust, and took possession of the property, including books of account of the corporation and books of record of the meetings of the stockholders, and books of record of the meetings of the directors of the corporation, down to the time of the assignment. This bill is brought to compel the defendants to return these books, on the ground that they did not pass under the assignment. The case was reserved on the demurrer of the defendants, and the question is whether the plaintiff is entitled to the books.

We are of opinion that the property in the books passed to the assignees. The conveyance was in the broadest terms, including all the property and assets of the corporation except any that was expressly exempted from attachment. In order to make this property available, especially in case of litigation, the defendants would be likely to need the records to establish their rights. The existence of the corporation, if put in issue in a suit brought by the assignees, would be provable, in part at least, by its records. The validity of the assignment to the assignees could not be established without evidence from the records. Presumably there were numerous transactions in the course of the corporation's business whose legality the defendants might find it necessary to prove in the enforcement of their rights. Ordinarily such proof would require the production of the records.

In this assignment the plaintiff's president did not leave to implication the right of the defendants to have and control these records, but, after mentioning different kinds of property and claims, he included in terms " all evidence thereof", with a recital of his authority to make the conveyance. We are of

opinion that the title to the books and the right to possession of them passed to the defendants as trustees.

If, upon the execution of the defendants' trust in other particulars without payment of the plaintiff's debts in full, the right to these books would revert to the plaintiff, which we do not intimate, the general averment " upon information and belief, that the affairs of the assigneeship under the assignment annexed to the said bill have been so far completed that the respondents have no just claim or right to retain the said books," does not show facts which entitle the plaintiff to relief. The statement is rather a conclusion of law than an averment of a fact. It is coupled with a statement that the defendants " never had any right whatever to retain the same," and that " the record books . . . at no time passed by the assignment." It does not show that anything has occurred which makes the defendants' rights any less than they were when the books were first delivered to the defendants.

If the plaintiff needed to use the books as evidence in any matter affecting its interests, it may be assumed that it could obtain the aid of the courts to compel the production of them for that purpose.

*Demurrer sustained; bill dismissed.*