ALEXANDER WHITESIDE & another, assignees, *vs.* THE MERCHANTS NATIONAL BANK OF BOSTON & another, trustees, & another.

Suffolk.   November 22, December 22, 1932. — October 24, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Equity Jurisdiction*, Interpretation of instrument in writing. *Assignment. Equity Pleading and Practice*, Bill, Waiver of defence. *Constitutional Law*, Separation of departments of government. *Devise and Legacy*, Remainder. *Evidence*, Competency.

In a bill in equity, by the assignee for the benefit of creditors of a beneficiary under a trust in a will, against such beneficiary and the trustee, the plaintiff averred that the beneficiary had assigned to him all his property "excepting only such as by the laws of said Commonwealth is exempt from attachment," including "any and all interests in estates or otherwise to which creditors . . . are by law entitled or in which by law they should have an interest, so far as . . . assignable . . . and not exempt by law"; that the assignment was for the benefit of creditors who should assent in writing to its terms and imposed upon the assignee the duty of converting the property into cash and distributing the proceeds in payment of the debts owed by the assignor to such assenting creditors; and that some creditors had assented; what proportion had assented was not stated. The terms of the trust were set out, from which it appeared that the assignor would be entitled, if he were living at the death of the survivor of certain persons still in being when the bill was filed, to a share of the principal. The plaintiff sought a decree interpreting the will to the extent of defining the interest of the assignor thereunder and establishing the right of the plaintiff to that interest. The defendants answered without demurring, and the suit was heard, the evidence being reported. A final decree was entered reciting that at the hearing no question was raised as to the proper procedure for an interpretation of a written instrument under G. L. (Ter. Ed.) c. 213, § 3, Tenth A, or whether the allegations of the bill made out a proper case for such interpretation, and adjudging that the assignor had an interest in the principal of the trust fund under the will which was assignable and that all the interest of the assignor in that principal passed to and was vested in the plaintiff. The defendant assignor appealed. *Held*, that

(1) Although the allegations of the bill were meager as to the debts of the assignor, the number and proportion of his creditors who

had assented to the assignment, the efforts made by the plaintiff to sell the interest of the assignor in the principal of the trust and the results of such efforts, it was too late for the assignor to raise an objection to the sufficiency of the bill or to object to the consideration of contentions by the plaintiff that prospective purchasers from him of that interest were deterred from buying because they entertained the same uncertainties as were set forth in the bill as existing in the mind of the plaintiff, that as a result the plaintiff was unable to turn that interest into cash, and that, unless in some way he could secure an unimpeachable title to that interest, he would be compelled to await the termination of the trust before he could make distribution to the creditors of the assignor as required by the assignment;

(2) It was not too late for the defendant to contend that the court had no jurisdiction to entertain the proceeding;

(3) The statute G. L. (Ter. Ed.) c. 213, § 3, Tenth A, in its application to the facts shown by the record, did not demand of the courts performance of any save judicial duties and therefore, as to such facts, was not violative of art. 30 of the Declaration of Rights;

(4) The interest of the assignor in the principal of the trust was assignable and had been assigned to the plaintiff;

(5) The exemption from the scope of the assignment of such property as by the laws of the Commonwealth was exempt from attachment did not apply to the assignor's interest in the principal of the trust fund.

At the hearing of the suit above described, evidence of actuaries to the effect that it was impossible to calculate the value of such interest of the assignor was immaterial and was excluded rightly.

BILL IN EQUITY, filed in the Superior Court on December 18, 1931, and described in the opinion.

The suit was heard in the Superior Court by *Whiting*, J., and the evidence was duly reported. Material findings by the judge are stated in the opinion. The final decree described in the opinion was entered and the defendant Whittier appealed.

*F. Rackemann*, (*H. M. Davis* with him,) for the defendant Ross Whittier.

*W. P. Everts*, (*C. F. Schipper, Jr.*, with him,) for the plaintiffs.

RUGG, C.J. The plaintiffs as assignees under an assignment in writing made for the benefit of his creditors by the defendant Ross Whittier (hereafter called the defendant) bring this suit in equity against him and the trustees under the will of his grandfather, Albert R. Whittier, under which

he is a beneficiary, for a decree (1) interpreting that will to
the extent of defining the interest of the defendant there-
under and (2) establishing the right of the plaintiffs to that
interest of the defendant.   The allegations of the bill in
effect are that the plaintiffs are assignees under a written
assignment as amended whereby the defendant assigned to
them all his "property and estate, both real and personal
. . . wherever situate, both within and without said Com-
monwealth, excepting only such as by the laws of said
Commonwealth is exempt from attachment," including,
without limiting the generality of the foregoing, "choses in
action, interests in properties, whether legal or beneficial,
and whether fee, leasehold or otherwise . . . and any and
all interests in estates or otherwise to which creditors . . .
are by law entitled or in which by law they should have an
interest, so far as . . . assignable . . . and not exempt by
law."   The assignment is for the benefit of the creditors of
the defendant who should assent in writing to its terms, and
imposes upon the plaintiffs as assignees the duty of convert-
ing the property into cash and distributing the proceeds in
payment of the debts owed by the defendant to his assenting
creditors.   Certain creditors of the defendant appear to have
assented to the assignment, but what proportion of them
in number or amount is not shown.   The will of the testator,
who was a resident of Boston, has been duly proved and
allowed.   There have been joined as defendants the trustees
appointed under the will, who hold trust funds of great
value.   The terms of that trust, set forth in clause Eighth of
the will, in substance are that the residue of the estate is
given to trustees to pay the income (subject to an annuity
which has come to an end) to the testator's widow for life
and his children during their lives, with other provisions as
to payment of income in case of the death of the widow or
any of the children until the termination of the trust.   Upon
the death of the survivor of the widow and children the trust
is to terminate and the balance, subject to a gift to charity,
is to be divided "equally between the issue of my children
then living per stirpes and not per capita," excluding one
grandchild for whom provision had been made by others.

The income of the trust is subject to a spendthrift clause but there is no such provision concerning the principal of the trust. At the date of the assignment by the defendant to the plaintiffs on September 8, 1930, there were living the widow and four children of the testator. Three of these children never married; but the fourth married and had five children, one of whom is the defendant and another of whom is the grandchild excluded from sharing in the principal of the trust.

It is alleged in paragraph 6 of the bill that the plaintiffs are uncertain whether the interest of the defendant in the estate of the testator is a property interest which he could assign, and whether such interest was transferred to them by his assignment.

The defendant filed an answer whereby he admitted all the allegations of the bill, except that as to paragraph 6 he averred that he never had any right or interest in the estate or in the residuary trust under the will of the testator which he could by any means lawfully anticipate, assign, alienate or convey, and he denied that any right or interest of his in the estate and residuary trust under the will was to any extent transferred or conveyed to the plaintiffs. The trustees under the will of the testator filed an answer substantially admitting the allegations of the bill except that as to paragraph 6 they had no knowledge and neither admitted nor denied them. They did not appeal from the decree entered in the Superior Court and have neither argued nor filed a brief in this court, and no counsel have appeared for them. They stand indifferent. The controversy is confined to the plaintiffs and the defendant.

The case was heard in the Superior Court and all the evidence is reported. A final decree was entered reciting that at the hearing no question was raised as to the proper procedure for an interpretation of a written instrument under St. 1929, c. 186, now G. L. (Ter. Ed.) c. 213, § 3, Tenth A, or whether the allegations of the bill made out a proper case for such interpretation, and adjudging (1) that the defendant had an interest in the principal of the trust

fund under the will which was assignable and (2) that all the interest of the defendant in that principal passed to and is vested in the plaintiffs.

The plaintiffs argue in their brief in support of the relief sought that prospective purchasers from them of the interest of the defendant in the principal of the trust under the will of the testator are deterred from buying because they entertain the same uncertainties set forth in paragraph 6 of the bill as existing in the minds of the plaintiffs, that as a result the plaintiffs are unable to turn this interest into cash, and that unless they can in some way secure an unimpeachable title to this interest they will be compelled to await the termination of the trust before they can make distribution to the creditors of the defendant as required by the assignment. There is no merit in the objection of the defendant to consideration of these arguments. The defendant filed no demurrer to the bill but joined issue on its allegations by a full answer and proceeded without objection to a trial on the merits. The allegations of the bill are meager and might well have been more full as to the debts of the defendant, the number and proportion of his creditors who have assented to the assignment, the efforts made by the plaintiffs to sell his interest and the results of such efforts, and perhaps in other particulars. If the sufficiency of the allegations had been properly challenged at an earlier stage, they might have required serious consideration. But it is too late now for the defendant as matter of procedure to raise these objections as to the sufficiency of the bill. *Reynolds* v. *Grow,* 265 Mass. 578, 580–581. *Adams* v. *Silverman,* 280 Mass. 23, 28, and cases cited.

The defendant assails the constitutionality of the statute under which the proceeding is brought and argues that therefore the court has no jurisdiction to entertain the proceeding. It is not too late to present that question. This court is not justified in deciding a case on its merits unless "satisfied that it has been vested by the Constitution and laws of the Commonwealth with jurisdiction over the subject matter to be determined." *Peabody* v. *School Committee of*

*Boston,* 115 Mass. 383. *Attorney General* v. *Pelletier,* 240 Mass. 264, 299. *Maley* v. *Fairhaven,* 280 Mass. 54, 56, and cases cited.

The title of the statute as first enacted was "An Act to provide that the rule making power of the supreme judicial and superior courts shall include the making of rules of procedure for securing the interpretation of written instruments without other relief." The statute confers upon the Superior Court power to make a rule "Providing that an action at law or a suit in equity shall not be open to objection on the ground that a mere judgment, order or decree interpreting a written instrument or written instruments is sought thereby, and providing procedure under which the court may make binding determinations of right interpreting the same, whether any consequential judgment or relief is or could be claimed or not," with a proviso not here material. Rule 101 of the Superior Court (1932) has been promulgated appropriately to enforce the terms of the statute. It is assumed that apart from the statute and rule the case at bar would not fall within any recognized head of equity jurisprudence and the court would decline to decide it. *Hanson* v. *Griswold,* 221 Mass. 228. *Hill* v. *Moors,* 224 Mass. 163.

The facts in the case at bar show color of title to property in the plaintiffs. They hold an assignment of what purports to be property, signed, executed and delivered to them by the defendant. They have a present duty to perform under the terms of that assignment, viz.: to convert that property into cash and to apply the proceeds to the payment of the debts of the defendant due to such of his creditors as become parties to the assignment. There is sharp disagreement on the face of the record between the plaintiffs and the defendant because the latter has answered denying specifically that he had any interest in the estate of the testator susceptible of being assigned by him to the plaintiffs, and denying that his attempted assignment conveyed any interest in that estate to the plaintiffs. The facts alleged in the bill have been admitted or found to be true. While the facts are not in dispute, the parties assert diverse views as to their rights arising from those facts.

There is an actual and genuine controversy between the active parties. All those interested in the controversy are before the court. The controversy is not moot, speculative, nor academic, but definite, present and practical. It is capable of adjudication by decree.

The General Court by the Constitution, c. 1, § 1, art. 4, is given power "to make, ordain, and establish, all manner of wholesome and reasonable orders, laws, statutes, and ordinances . . . not repugnant or contrary to this constitution." This is a wide and ample grant. Under it rights and remedies unknown to the common law may be created. Rules of evidence and procedure may be prescribed and changed. Obligations as to proof and defence may be altered. *Holmes* v. *Hunt*, 122 Mass. 505. *Opinion of the Justices*, 209 Mass. 607, 610. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370. *Commonwealth* v. *Slavski*, 245 Mass. 405. The imposition upon the judicial department of government of duties that are not judicial is not permissible. That is prohibited by the impressive words of art. 30 of the Declaration of Rights. Judicial duties to be performed in a judicial manner alone can be conferred upon or required of courts. "Whenever application is made to the judiciary to carry into effect any statute ·in a particular case, and the statute in question appears to be clearly repugnant to the Constitution, it is the duty of the judges to obey the Constitution and to disregard the statute." *Case of Supervisors of Election*, 114 Mass. 247, 248–249. *Boston* v. *Chelsea*, 212 Mass. 127. *Attorney General* v. *Pelletier*, 240 Mass. 264, 296. *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95, 116–117. *Attorney General* v. *Brissenden*, 271 Mass. 172, 182, 183, 184. *Opinion of the Justices*, 251 Mass. 569, 615; 279 Mass. 607, 610.

The statute here assailed in its application to the facts of this record does not demand of the courts performance of any save judicial duties. It requires the interpretation of a written agreement in respect to conflicting contentions as to its meaning made by adversary parties touching valuable property rights. It is a question in its nature justiciable and of a kind not infrequently brought before courts

for adjudication.    It concerns the performance of a present duty by the plaintiffs.    The statute as applied to the facts here disclosed is analogous to recognized classes of cases in which equity has always afforded relief.    Bills to quiet title and to remove clouds from title by those in possession of real estate under claim of title constitute a recognized branch of equity.    *Sherman* v. *Fitch*, 98 Mass. 59.    *Clouston* v. *Shearer*, 99 Mass. 209.    *First Baptist Church of Sharon* v. *Harper*, 191 Mass. 196, 209.    Bills for instructions may be brought by executors and trustees having duties to perform under written instruments as to the meaning of doubtful provisions of trust instruments.    *Welch* v. *Adams*, 152 Mass. 74.    Matrimonial status of parties with reference to a deceased man has been declared although no specific relief was granted.    *Corkum* v. *Clark*, 263 Mass. 378.    Statutes bearing a strong similitude to the one here in question have been upheld against attack as violative of the Constitution.    Registration of title to land according to procedure creating the Land Court has been held to be judicial in its nature.    G. L. (Ter. Ed.) c. 185.    *Tyler* v. *Judges of the Court of Registration*, 175 Mass. 71.    *Malaguti* v. *Rosen*, 262 Mass. 555, 567.    This is true even though no actual contest existed or develops as to the title of the petitioner. See *Hollingsworth & Vose Co.* v. *Recorder of the Land Court*, 262 Mass. 45.    A statute conferring power upon courts to determine the validity of certain encumbrances upon land has been held to be constitutional.    G. L. (Ter. Ed.) c. 240, §§ 11–14.    *McArthur* v. *Hood Rubber Co.* 221 Mass. 372, 374.    *Crocker* v. *Cotting*, 173 Mass. 68.    Many suits have been brought under G. L. (Ter. Ed.) c. 240, § 1, authorizing the one in possession of real estate under title to bring suit to compel any person claiming title thereto to bring an action to try such claim.    *Orthodox Congregational Society* v. *Greenwich*, 145 Mass. 112.    *Thompson* v. *Cowell*, 148 Mass. 552.    It has been held that G. L. (Ter. Ed.) c. 240, § 6, relative to suits to quiet title or to remove a cloud from title to real estate with respect to possible claims of persons unborn, unascertained, unknown, or without the Commonwealth is constitutional.    *Loring* v. *Hildreth*, 170 Mass.

328.   Legislative authority to courts to compromise wills so as to affect future contingent interests has been held not to be violative of the Constitution on the broad ground that the general interest of the public that property shall not be entangled by the possibility of uncertain contingencies of contests in the future might support such an enactment.   G. L. (Ter. Ed.) c. 204, §§ 14–17.   *Copeland* v. *Wheelwright,* 230 Mass. 131, 138–139.   See *Clarke* v. *Cordis,* 4 Allen, 466.   *New York Life Ins. Co.* v. *Hardison,* 199 Mass. 190, 197–198.   There are other statutes illustrative of this principal, but as their constitutionality has not been adjudged in the courts we do not refer to them.   There are manifest historical and other differences between proceedings touching title to real estate and title to personal property.   But with respect to proceedings to establish title it is difficult to draw a sound constitutional distinction between the power of the General Court to enact legislation touching title to real estate and its power to enact legislation touching title to personal property, or to hold that such power is narrower concerning personal property than real estate.   The statute as applied to the case at bar in substance and effect authorizes a suit to quiet title of the plaintiffs under their assignment to personal property.   Another aspect of the case is covered by principles declared in *Fidelity National Bank & Trust Co. of Kansas City* v. *Swope,* 274 U. S. 123, at page 132, where it was said: "Naturalization proceedings, *Tutun* v. *United States,* 270 U. S. 568; suits to determine a matrimonial or other status; suits for instructions to a trustee or for the construction of a will, *Traphagen* v. *Levy,* 45 N. J. Eq. 448; bills of interpleader, so far as the stakeholder is concerned, *Wakeman* v. *Kingsland,* 46 N. J. Eq. 113; bills to quiet title where the plaintiff rests his claim on adverse possession, *Sharon* v. *Tucker,* 144 U. S. 533; are familiar examples of judicial proceedings which result in an adjudication of the rights of litigants, although execution is not necessary to carry the judgment into effect, in the sense that no damages are required to be paid or acts to be performed by the parties."

The case at bar on this point is covered by the principles as to the nature of the judicial function declared in *Nashville, Chattanooga & St. Louis Railway* v. *Wallace,* 288 U. S. 249, decided since the argument, where other federal decisions relied upon by the defendant are distinguished.

For these reasons we are of opinion that the statute as applied to facts here disclosed is not violative of art. 30 of the Declaration of Rights by requiring of the courts performance of duties not strictly judicial in their nature. The discussion at the bar has covered a wide field concerning statutes authorizing so called declaratory judgments. Into that field there is no occasion for us now to enter. This decision rests upon the statute as applied to the present facts.

There appears on the record to be a controversy as to the meaning of the will of the testator. The meaning of the portion of the will here involved is not open to doubt in view of the decisions of this court. The defendant belongs to the class described in the will to take the principal of the trust provided he is living at the termination of the life estates. He was one of the issue of a child of the testator. Provision was made for the division of the principal of the trust fund among such issue living when the distribution is to take place. The only contingency affecting the right of the defendant to receive his share is whether he shall be alive when that time arrives. By no other contingency can he be deprived of the certainty of sharing in the fund. He has been ascertained as one of the class who must inevitably take when distribution is made, provided he is then alive. The devise to him took effect as a fixed right which must ultimately ripen into an absolute title unless defeated by his prior death. This in the language of our decisions is something more than a possibility; it is a "vested interest in a contingent" right. The case on this point is governed by *Clarke* v. *Fay,* 205 Mass. 228, where earlier decisions are collected and reviewed. *Boston Safe Deposit & Trust Co.* v. *Stratton,* 259 Mass. 465, 472. *Nickerson* v. *Harding,* 267 Mass. 203. It is a mere accident that in the case at bar the time for distribution is postponed until the death of the last

of several life tenants instead of one, as in *Clarke* v. *Fay*. The governing principle is the same.

The written assignment of the defendant to the plaintiffs transferred to them his interest in the trust fund. The exemption from the scope of the assignment of such property as by the laws of the Commonwealth is exempt from attachment does not apply to the interest in the principal of the trust fund. Such an exemption as is found in the assignment has been held to mean only property expressly exempt from attachment under statutes touching that subject. G. L. (Ter. Ed.) c. 235, § 34. *Lothrop Publishing Co.* v. *Lothrop, Lee & Shepard Co.* 191 Mass. 353, 354. *Lothrop Publishing Co.* v. *Williams,* 191 Mass. 361, 363. *Blinn* v. *Dame,* 207 Mass. 159, 165. Moreover, the interest of the defendant in the fund could be reached by equitable process under G. L. (Ter. Ed.) c. 214, § 3 (7). *Alexander* v. *McPeck,* 189 Mass. 34. *Biggert* v. *Straub,* 193 Mass. 77, 80. As pointed out in *Alexander* v. *McPeck,* several times reaffirmed, there is as matter of law no impediment to the ascertainment of the value of the defendant's interest by sale, by appraisal, or by other means within the ordinary procedure of the court. That decision was rendered as an interpretation of our statutes enacted since the decision in *Russell* v. *Milton,* 133 Mass. 180, and modifying its effect. It is not necessary to examine decisions of other jurisdictions, where statutes differ.

Since the interest of the defendant passed by the assignment, evidence of actuaries to the effect that it is impossible to calculate the value of that interest was immaterial and was excluded rightly.

The decree is not open to objection as going beyond the scope of the bill or exceeding the scope of equity as enlarged by the statute and rule.

*Decree affirmed with costs.*