Borenstein, J.
This action arises out of plaintiffs’ attempt to collect on Colorado judgments against defendant Richard L. MacLeod (MacLeod). In their amended complaint, plaintiffs seek to reach and apply any interest that MacLeod may have in the Elizabeth H. MacLeod Trust (Trust). The reach and apply defendants, Sidney Lanskey, John H. Read and Fiduciary Trust Company International, now move for summary judgment pursuant to Mass.R.Civ.P. 56 and argue that (1) MacLeod’s contingent interest in the Trust is not reachable; and (2) that the Trust’s spendthrift provisions bar plaintiffs from reaching the Trust’s assets. Plaintiffs oppose defendants’ motion and argue that MacLeod’s interest is reachable regardless of whether that interest is contingent or vested. The Plaintiffs further assert that the Trust’s spendthrift provisions do not prohibit them from reaching any nondiscretionary trust distributions. For the reasons that follow, reach and apply defendants’ motion for summary judgment is allowed.
Background
The facts pertinent to the instant motion are undisputed and can be briefly summarized. On July 21, 1993, the Boulder County District Court entered a default judgment against defendant Richard MacLeod in the amount of $487,405.37 plus interest. On November 23, 1993, the Boulder District Court entered a default judgment against MacLeod in the amount of $478,951.27 plus interest.
MacLeod’s mother, Elizabeth H. MacLeod, has established an intervivos revocable trust. MacLeod is a one-quarter beneficiary of this Trust. The terms of the Trust provide that MacLeod is only to receive his *457 interest upon his mother’s death. Elizabeth H. MacLeod is still living and has not, to date, revoked or otherwise amended the Trust to destroy MacLeod’s interest.
Discussion
The sole issue presented to this court is whether MacLeod’s interest in his mother’s trust is susceptible to an action to reach and apply. General Laws c. 214, §3(6), provides:
Actions by creditors to reach and apply, in payment of a debt, any property, right, title or interest, legal or equitable, of a debtor, within or without the commonwealth, which cannot be reached to be attached or taken on execution although the property sought to be reached and applied is in the possession or control of the debtor independently of any other person or cannot be reached and applied until a future time or is of uncertain value, if the value can be ascertained by sale, appraisal or by any means within the ordinary procedure of the court.
Our courts have recognized that a beneficiaries’ equitable interest in trust property can be properly reached and applied. See e.g. Whiteside v. Merchants Nat’l Bank, 284 Mass. 165, 175 (1933); Forbes v. Snow, 239 Mass. 138, 145 (1921); Clarke v. Fay, 205 Mass. 228, 232-35 (1910) and cases cited. These cases, however, have only considered situations in which a beneficiary’s interest is solely contingent upon the beneficiary surviving the donor or other individual. See Queen v. Vermont Mutual Insurance Co., 32 Mass.App.Ct. 343, 346 (1992). In such a situation, the Court characterized the beneficiary’s interest as a fixed right; i.e. a vested interest in a contingent right— something more than a possibility. Whiteside, supra at 174.
In this case, on the other hand, MacLeod’s beneficial interest can only be characterized as a mere expectancy — something less than a possibility. MacLeod’s mother, as settlor of the Trust, retains the power to either revoke or amend the Trust at any time. Thus, MaCleod’s vested interest does not crystallize until his mother dies without amending or revoking the Trust. Until that time, MacLeod merely has a contingent interest in the trust property. See Henderson v. Collins, 267 S.E.2d 202, 205 (GA 1980) (“uncertainty as to the right of a future interest is the hallmark of a contingent interest”); compare Whiteside, supra at 174 (finding beneficiary has vested interest in contingent right when no other contingency, except for death, prevents beneficiary from receiving trust interest), with Clarke, supra at 237 (beneficiary’s interest too speculative and not amenable to action to reach and apply where beneficiary’s interest is subject to: (1) his own survival, (2) survival of third party, and (3) contingency that third party not leave surviving issue). Accordingly, MacLeod’s mere contingent interest in the Trust is too speculative and not properly the subject of an action to reach and apply. See Restatement (Second) of Trusts, §162 (1959) (“If the interest of the beneficiary of a trust is so indefinite or contingent that it cannot be said with fairness to both the creditors and the beneficiary, it cannot be reached by his creditors”); cf. New England Merchants Nat’l Bank v. Hoss, 356 Mass. 331, 337 (1969) (action to reach and apply vested interest in will premature where will has not been probated and legatee’s interest is an expectation rather than vested right).
Order
This court orders that reach and apply defendants’ motion for summary judgment is allowed.