ALLAN FORBES, trustee in bankruptcy, *vs.* FREDERIC E. SNOW & another, trustees, & others.

Suffolk.    March 23, 1921. — June 2, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Equity Jurisdiction,* To reach and apply equitable assets.    *Trust,* Construction of instrument creating trust.

By the provisions of an agreement in compromise of a controversy concerning a will, approved by a decree of the Supreme Judicial Court, a trust of the residue of the estate was established, and it was provided that the net income of that residue should be divided equally among the children of the testator, payment to be made semiannually during the life of each, and " in the event that any child shall die at a time intermediate between said payments, said trustees shall pay to the legal representatives of such child a proportionate part of said income," and that upon the death of any of such children, a proportional share of the principal should be paid " to the executor or executors of such deceased child to be disposed of as provided in his or her will, or, if such child shall die intestate, to his or her legal representatives to pass or be distributed under the statutes of descent and distribution then in force in this Commonwealth."    In the will the testator expressed his intention that " each of said children, his or her executors or legal representatives, may eventually receive an equal share of my estate not given or devised to others than said children."    One of the children was adjudicated a bankrupt more than four months after having made certain assignments of his interests in such trust for the benefit of creditors, in the first of which he covenanted and agreed to execute a will by which his interest should be "devised and bequeathed . . . to the protection of all his creditors."    At the time of the adjudication there were outstanding against his interest as beneficiary under the trust attachments more than four months old.    His trustee in bankruptcy brought a suit in equity to reach and apply his interests in the trust.    Upon demurrer by the bankrupt, it was *held,* that

(1) The bankrupt had an equitable life interest and an equitable interest in remainder under the trust which, subject to the provisions of the compromise agreement and to the prior rights of the assignees and the attaching creditors, under G. L. c. 214, § 3, cl. 7, could be reached and applied to the payment of the bankrupt's debts by this suit in equity by the trustee in bankruptcy;

(2) The question, whether the plaintiff could call for a termination of the trust, especially without the consent of the bankrupt, was not raised by the demurrer to the bill;

(3) The right of the plaintiff under the provisions of the national bankruptcy act to take possession of and to sell all the property of the bankrupt did not preclude him from maintaining this suit in the State court to obtain possession of the bankrupt's interest in property in the possession of the trustees under the will;

(4) The assignees and the attaching creditors, having liens prior in date to the plaintiff's rights as trustee in bankruptcy, were necessary parties;

(5) The bill raised no question as to the administration of the estate in the bankruptcy court;

(6) An accounting by the trustees asked for by the bill was merely incidental to the relief sought and was not an infringement upon the jurisdiction of the Probate Court as to accounting by the trustees;

(7) Irrespective of the exercise by the bankrupt of the power of appointment, the plaintiff could reach and apply certain interests of the bankrupt in the trust fund;

(8) In determining whether the bill was demurrable, it was not necessary to decide the issues raised by an alleged ground in the demurrer, " The trustee in bankruptcy cannot exercise the power of appointment — that being a personal privilege, and not a property right. If the power of appointment is not exercised, then the principal of the trust fund vests in such person or persons as may be the heirs at law of [the bankrupt] . . . as of the date of his death, and those persons cannot be determined in his lifetime; "

(9) The effect of the bankrupt's covenant in the first assignment for the benefit of creditors, to execute a will by which his interest should " be devised and bequeathed . . . to the protection of all his creditors," was not before the court upon the demurrer.

BILL IN EQUITY, filed in the Supreme Judicial Court on December 2, 1920, by the trustee in bankruptcy of Benjamin P. Cheney against the trustees under the will of the father of the bankrupt, also named Benjamin P. Cheney; all beneficiaries and persons interested in the trust under the will as established by compromise; Henry F. Woodard and Bates Warren, trustees, Frederic E. Snow and Henry B. Day, trustees, and Herbert P. Queal, the holders respectively of three assignments by the bankrupt made more than four months preceding his bankruptcy; and three creditors who by legal process had attachments upon the interest of the bankrupt under the will as compromised which were more than four months old at the time of the adjudication.

The ninth paragraph of the will as amended by the agreement of compromise established by decree of the court was as follows:

" Ninth. To divide the net income of the residue of the estate remaining after carrying out all the provisions of said will as hereinbefore modified by this agreement equally among the children of the said testator, such division and payment to said children to be made semi annually during the lives of each. And in the event that any child shall die at a time intermediate between said payments, said trustees shall pay to the legal representatives of such child a proportionate part of said income; provided, however, that upon the death of any child of the testator the trustees shall pay and deliver a share of the principal of said residue held by

them and not needed for carrying out any provisions of this trust remaining unfulfilled, not including in such unfulfilled provisions the division among the children of the net income of the residue, which share shall be proportioned to the number of said children, including in the enumeration for the purpose of establishing such proportion such child so dying (but not including any child previously deceased whose share of principal has been previously paid over), to the executor or executors of such deceased child to be disposed of as provided in his or her will, or, if such child shall die intestate, to his or her legal representatives to pass or be distributed under the Statutes of descent and distribution then in force in this Commonwealth. . . ."

In the assignment to Woodard and Warren, trustees, was the following: " The said Benjamin Pierce Cheney hereby covenants and agrees if he has not already done so, to execute a will, good and sufficient in law, by the terms of which all of his interest in the estate of his late father shall be devised and bequeathed first to the protection of all his creditors, including those enumerated in schedule . . . [attached to the assignment] or any part of said indebtednesses which may remain unpaid at the time of the decease of Benjamin Pierce Cheney."

Other material allegations of the bill are described in the opinion. The prayers of the bill were:

" 1. That the interest of said bankrupt in both the principal and income of said trust estate may be ascertained and determined.

" 2. That the interest of the plaintiff as trustee in bankruptcy of said Benjamin P. Cheney in both the principal and income of said trust estate may be ascertained and determined.

" 3. That the rights of said assignees . . . and the rights of said attaching creditors, . . . may be ascertained and determined.

" 4. That . . . the trustees of the trusts created by said will and agreement of compromise, account to the plaintiff in regard to the said trust fund, and the income thereof.

" 5. That the plaintiff be substituted for said bankrupt, Benjamin P. Cheney, in said agreement of compromise subject to the rights of said assignees and attaching creditors.

" 6. That said bankrupt, Benjamin P. Cheney, be directed to execute a proper deed of conveyance of his interests in said trust fund and the income thereof to the plaintiff.

" 7. That . . . the trustees of the trusts created under the said will and agreement of compromise as aforesaid, be ordered to account with the plaintiff as said trustee in bankruptcy for such part of the principal and of the income of said trust fund so held or to be received and held by them for the benefit of said Benjamin P. Cheney as may be necessary, subject to the rights of said assignees and attaching creditors, until the said plaintiff as trustee in bankruptcy as aforesaid shall have received a sum of money which, together with any other assets of said bankrupt estate, shall be sufficient to pay all claims which may be proved against said bankrupt estate, with interest thereon at six per centum, together with the costs and expenses of said bankruptcy proceedings which may be allowed by the United States District Court within and for the District of Massachusetts and the costs of this suit.

" 8. That, after an accounting has been had as hereinbefore requested, said . . . trustees of the trusts created under said will and agreement of compromise as aforesaid be directed, after paying the claims of such of said assignees and attaching creditors as may be determined to be valid, to pay over to the plaintiff as said trustee in bankruptcy such proportion of the principal of said trust fund so held or to be received and held by them for the benefit of said Benjamin P. Cheney as shall be sufficient, together with any other assets of said bankrupt estate, to pay all claims which may be proved against said bankrupt estate, with interest thereon at six per centum, together with the cost of said bankruptcy proceedings which may be allowed by the United States District Court within and for the District of Massachusetts, and the costs of this suit.

" 9. Or, in the alternative, that the interest of said bankrupt in the principal and income of said trust fund be sold, and after the payment of all prior liens such proportion of the proceeds thereof be paid to the plaintiff as said trustee in bankruptcy as, together with any other assets of said bankrupt estate, shall be sufficient to pay all claims which may be proved against said bankrupt estate, with interest thereon at six per centum, together with the costs and expenses of said bankruptcy proceedings which may be allowed by the United States District Court within and for the District of Massachusetts and the costs of this suit."

Benjamin P. Cheney demurred to the bill, and assigned as grounds of demurrer the following:

"1. That the plaintiff in his bill does not set forth any equitable grounds upon which to maintain his suit, substantially in accordance with the provisions of R. L. c. 159, § 3.

"2. That the plaintiff's bill does not allege that the trusts created under the will of Benjamin P. Cheney, late of Dover, deceased, and the compromise agreement relating thereto, approved by a decree of this Honorable Court, are not valid and existing trusts; further, it contains no allegations that the purposes of said trusts have yet been fulfilled; neither does it appear that the other parties in interest in the trusts have assented to the termination of said trusts.

"3. The plaintiff alleges in his bill that all the property of the defendant Cheney passes to him as trustee in bankruptcy under the provision of the United States statutes relating to estates in bankruptcy; if so, it follows, as a matter of law, that he has full authority to sell any or all of said property, under the supervision of the bankruptcy court.

"4. That the plaintiff is seeking the instructions of this court as to the performance of his official duties, acting under an appointment by a court of superior and general jurisdiction, relative to the administration of an estate of a bankrupt, under the laws of the United States, a subject-matter over which this court has no jurisdiction.

"5. It having been expressly adjudicated by final decree in this court, now in full force and effect, in the suit of *Woodard* v. *Snow*, 233 Mass. 267, that the income of a child of the testator under the will of Benjamin P. Cheney, late of Dover, deceased, and the compromise agreement thereunder, was a vested interest and subject to assignment, a bill to reach and apply the same cannot be maintained, under the provisions of R. L. c. 159, § 3, and acts in addition and amendment thereto.

"6. The rights of Woodard and Warren, trustees, having been adjudicated by a decree now in full force and effect, said Woodard and Warren are improperly joined as parties defendant in this suit.

"7. The allegations of the plaintiff's bill as to the defendants State Street Trust Company, J. R. Whipple Company, and Thomas

G. Washburn, [attaching creditors] respectively, do not allege that the defendant Cheney is indebted to either of them, or that any suits are now pending as against any other party named in this suit; neither do they allege in what court, if any, said suits are pending, or whether they have been terminated by final decree, or what interest of the defendant Benjamin P. Cheney said State Street Trust Company, J. R. Whipple Company, and Thomas G. Washburn, respectively, seek to reach and apply. The allegations as to all said defendants are too vague and indefinite to warrant their being made parties respondent in this suit.

" 8. That with the exception of the assignment of income to Woodard and Warren, trustees, which the plaintiff alleges in his bill was a legal and valid assignment, it does not appear from the allegations in the plaintiff's bill that the alleged assignment made by the defendant Cheney, of his right to receive income, made to Richard Olney and others, trustees under said will, was a legal or valid assignment, or that said assignment is now in force; neither is it alleged in the plaintiff's bill that the further assignment of such income, made to one Herbert P. Queal, was a legal or valid assignment, or that said assignment is now in force.

" 9. That this court cannot grant the relief prayed for, as it has no jurisdiction to direct a sale of property vested in a trustee in bankruptcy, the control of all matters in the administration of a bankrupt's estate being exclusively vested in the courts of the United States of America.

" 10. The trustee in bankruptcy of the estate of Benjamin P. Cheney has no greater or further rights in the principal of the trust fund, under the will of Benjamin P. Cheney, late of Dover, deceased, than the bankrupt. The bankrupt could not call for a termination of the trust.

" 11. The trustee in bankruptcy cannot exercise the power of appointment — that being a personal privilege, and not a property right. If the power of appointment is not exercised, then the principal of the trust fund vests in such person or persons as may be the heirs at law of Benjamin P. Cheney, as of the date of his death, and those persons cannot be determined in his lifetime.

" 12. The plaintiff, as an alleged party in interest, seeks an accounting from trustees acting under a will duly probated in the Probate Court for the county of Norfolk in this Commonwealth,

and, the Probate Court being now a court of superior and general jurisdiction, a bill for an accounting under a trust created by will, as far as the termination of said trust, can be had only in the court in which said will was probated, this court having no original probate jurisdiction."

The demurrer was heard by *Carroll,* J., who overruled it and, being of opinion that the decision so affected the merits of the controversy that the matter decided ought, before further proceedings, to be determined by the full court, at the request of the plaintiff and of the defendant Benjamin P. Cheney reported to the full court the questions raised by the demurrer.

*J. A. Locke,* (*G. F. Wales & F. L. Maguire* with him,) for the plaintiff.

*S. M. Child,* for the defendant Cheney.

DE COURCY, J. This bill in equity, by the trustee in bankruptcy of Benjamin P. Cheney, against said Cheney and the trustees under the will of Benjamin P. Cheney, senior, is brought mainly for the purpose of obtaining possession of the interest of the bankrupt in the trust estate, for the payment of his debts. All other beneficiaries and parties interested in the trust and all prior assignees and attaching creditors of the bankrupt are joined as defendants. The single justice overruled the demurrer of the defendant Cheney and reported to the full court the questions raised by the demurrer.

In 1895 Benjamin P. Cheney, father of the bankrupt, died testate. While an appeal was pending from the decree of the Probate Court allowing the will, a compromise agreement was executed. A single justice of this court on March 27, 1896, found the agreement to be "just and reasonable" and ordered a decree confirming it. That decree has not been reversed. The ninth paragraph of the agreement of compromise provided that the net income of the residue of the estate should be divided equally among the children of the testator, payment to be made semi-annually during the life of each, and " in the event that any child shall die at a time intermediate between said payments, said trustees shall pay to the legal representatives of such child a proportionate part of said income." It further provided for the payment of a proportional share of the principal, upon the death of any child, "to the executor or executors of such deceased child

to be disposed of as provided in his or her will, or, if such child shall die intestate, to his or her legal representative to pass or be distributed under the statutes of descent and distribution then in force in this Commonwealth."

It is alleged in the bill that prior to his bankruptcy the defendant Cheney made certain assignments of his right to receive income; that the annual net income accruing from the interest of said bankrupt at present amounts to about $32,000; and that there are also outstanding attachments of his interest in the trust estate, made more than four months previous to the filing of the petition in bankruptcy. In the case of *Woodard* v. *Snow,* 233 Mass. 267, where the validity of one of these assignments was in question, it was held that Cheney had "a vested assignable expectant interest in the income," and that "The right of Cheney and the right of the assignee to receive the income of the trust fund was a present, equitable right of ownership which ripened into an ordinary property right when the income, accumulated in the hands of the trustee, became payable under the terms of the trust." It follows that the income, held and to be received by the trustees of the trusts created under said will and agreement of compromise for the benefit of the defendant Cheney, — subject to the rights of said assignees and attaching creditors, — can be reached in equity and applied to the payment of his debts.

Under the agreement of compromise the defendant has an absolute right to dispose by will of the trust estate held for his benefit during life. If he should die intestate, this fund will go to his "legal representatives." From similar language used elsewhere in the will and agreement, and from the expressed intention of the testator that "each of said children, his or her executors or legal representatives, may eventually receive an equal share of my estate not given or devised to others than said children," presumably this fund will be treated as general assets of his estate if he should fail to make a will. See *Sargent* v. *Sargent,* 168 Mass. 420. In any event, he has the right to receive the whole income, and has also the absolute *jus disponendi* of the principal. The vested equitable remainder, as well as the equitable life estate, can be reached in equity under R. L. c. 159, § 3, cl. 7 (see now G. L. c. 214, § 3, cl. 7), and applied to the payment of his debts. *Sparhawk* v. *Cloon,* 125 Mass. 263. *Daniels* v. *Eldredge,* 125 Mass.

356. *Alexander* v. *McPeck,* 189 Mass. 34. See *Shattuck* v. *Burrage,* 229 Mass. 448. And his interest can be reached by his trustee in bankruptcy. U. S. St. 1898, c. 541, § 47a. *Clarke* v. *Fay,* 205 Mass. 228, 236.

Considering now the specific grounds of the defendant Cheney's demurrer: The first and fifth are disposed of by what has been said. As to the second and tenth: the question whether the plaintiff can call for a termination of the trust, especially without the consent of the defendant, is not before us at this time. See *Young* v. *Snow,* 167 Mass. 287, 289; *Sears* v. *Choate,* 146 Mass. 395. The right of the trustee in bankruptcy to sell all the property of the bankrupt does not preclude him from coming into this court to obtain possession of the bankrupt's interests now in the possession of the defendant trustees. This is sufficient answer to the third and fourth. The sixth, seventh and eighth are answered by the fact that these are necessary parties, as their rights are involved in the suit. The ninth is directed to the administration of the bankrupt's estate, a subject not raised by the plaintiff's bill. The accounting referred to in the twelfth ground is merely incidental to the relief prayed for. The eleventh raises issues that need not now be determined in considering whether the bill is demurrable. Irrespective of the exercise of the power of appointment the plaintiff can reach and apply certain interests of the bankrupt in the trust fund. We may add that the effect of the defendant's covenant in his agreement of April 10, 1914, with Woodard and others, to execute a will by which his interest should be "devised and bequeathed . . . to the protection of all his creditors," is not now before us.

The decree overruling the demurrer of the defendant Cheney is to be affirmed.

*Ordered accordingly.*