Rescript Opinions.

Louis V. Bibi *vs.* Joseph Courville. June 11, 1970. The plaintiff appeals from a final decree dismissing his bill in equity seeking an order that the defendant convey to him an undivided one-half interest in certain land. The bill alleges that the plaintiff and defendant were copartners "under an oral contract to buy and develop certain land," that the plaintiff was "to obtain . . . 100% financing . . . in order to make the purchase" and that he did so; that the defendant was "to supply the necessary options . . . [and] agreements to purchase which were held by him, and, to turn over a deed to the property made out in both names," and that the defendant "refused to turn over a deed in both names, but rather took over the ownership of the . . . property in his own name" and thus deprived the plaintiff of his one-half interest therein. The defendant denied substantially all of the plaintiff's allegations and further answering alleged that he had made an oral offer to the plaintiff that if the latter would obtain the necessary mortgage financing to purchase the property and would pay a consideration and cosign the mortgage note, they would form a corporation to which the defendant would ·convey the land in question when he acquired it; but that the defendant "did not tender the consideration and refused to accept the offer." As to the defendant's alleged agreement to convey an interest in land to the plaintiff, there was no written promise, contract, agreement, memorandum or note thereof signed by the defendant or his agent introduced into evidence. G. L. c. 259, § 1. Neither was there any written instrument signed by the defendant or by his agent creating or declaring any trust in the land for the plaintiff's benefit. G. L. c. 203, § 1. The evidence of the conversations and negotiations ·between the parties consisted principally of the testimony of the plaintiff. The defendant did not testify. The judge was not required to believe the plaintiff, and he apparently did not believe him entirely. He found that "although a joint enterprise might have originally existed between the parties . . . it was terminated" when the plaintiff failed to procure the required financing and refused to sign the mortgage note required therefor. The judge further stated that he could not "find the fraud or a violation of fiduciary relationship necessary for the equitable establishment of a constructive trust." He concluded that "no constructive trust on behalf of Bibi may be declared as a result of the purchase of the site by Courville," and that the statute of frauds (G. L. c. 259, § 1) barred the enforcement of any oral agreement for the conveyance of an interest in land. The findings and conclusions of the trial judge are supported by the evidence which is reported. It cannot be said that the findings made by the trial judge who saw the witnesses and heard them testify are plainly wrong. *Berman* v. *Coakley*, 257 Mass. 159, 162.

*Decree affirmed with costs of appeal.*

*Genero L. Morte (Max L. Rubin* with him) for the plaintiff.
*George A. McLaughlin, Jr. (John S. Leonard* with him) for the defendant.