ADELINE GUARINO *vs.* GERALD J. ZYFERS & another.   March 14, 1980. The plaintiff Guarino obtained a summary judgment (Mass.R.Civ.P. 56, 365 Mass. 824 [1974]) entitling her to recover a $1,000 deposit from the defendant Zyfers which she had made in connection with the proposed purchase of real estate in Boston. Zyfers' affidavit opposing summary judgment fails to raise any material disputed facts, and, therefore, the motion for summary judgment was correctly allowed. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 553-556 (1976). *O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. 243, 245 (1976). *A. John Cohen Ins. Agency, Inc.* v. *Middlesex Ins. Co.*, 8 Mass. App. Ct. 178, 181 (1979). The deposit check referred to in the affidavit could not serve as a memorandum of the alleged purchase and sale agreement because it was a bank treasurer's check and, hence, not signed by Guarino, the party to be bound. G. L. c. 259, § 1. Reference in the affidavit to an unexecuted purchase and sale agreement proffered by Zyfers to Guarino's lawyer runs into the same difficulty. Guarino cannot be bound to buy real estate by an agreement she did not sign. To the extent Zyfers' affidavit may be read as asserting an oral agreement (he does not so argue), Guarino is nonetheless entitled to a return of her deposit since the reference to the unsigned agreement makes it apparent there was not a meeting of the minds and that the parties had not progressed beyond imperfect negotiations. *Rosenfeld* v. *United States Trust Co.*, 290 Mass. 210, 216 (1935). *Wasserman* v. *Roach*, 336 Mass. 564, 568 (1958). In such circumstances, a party in the position of Guarino is entitled to a return of her deposit. *Glovsky* v. *Holly Point Estates, Inc.*, 354 Mass. 94, 97 (1968). Contrast cases citing the rule that a party may not recover consideration given for a parol understanding to convey real estate where the defendant is willing to perform: *Coughlin* v.

*Knowles*, 7 Met. 57, 61-62 (1843); *Riley* v. *Williams*, 123 Mass. 506, 509-510 (1878); *Bruni* v. *Andre*, 339 Mass. 708, 712 (1959).

*Judgment affirmed.*

The case was submitted on briefs.
*Kevin P. Curry* for Gerald J. Zyfers.
*Jeffrey E. Rossman* for the plaintiff.