In re David V. ROSENTHAL, Debtor.

Harold D. MOOREFIELD, Jr.,
Trustee, Plaintiff,

v.

David V. ROSENTHAL, Robert L. Rosenthal, Trustee, Helen I. Rosenthal, and Donald J. Rosenthal, Defendants.

Bankruptcy No. 82–00894–BKC–SMW.
Adv. No. 83–0308–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

July 25, 1983.

---

Webster & Moorefield, P.A., Miami, Fla., for plaintiff.

Britton, Cohen, Kaufman & Schantz, Miami, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard upon a Complaint filed herein and the Court having heard the testimony and examined the evidence presented, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

This Court has jurisdiction of the parties hereto and the subject matter hereof.

The Trustee seeks the turnover of a condominium located in Boston, Massachusetts.

At trial, the parties presented a series of twenty-seven (27) written stipulations of fact to serve as the evidence in this case. The Court finds all twenty-seven (27) stipulations to be relevant and adopts them by reference as its Findings of Fact. Accordingly, the stipulations need not all be repeated here in their entirety.

The facts may be summarized as follows:

In March of 1973, the Defendant/Debtor, DAVID V. ROSENTHAL, purchased the subject condominium with his own funds. Legal title to the condominium was placed in the name of one of the Debtor's sons, the Defendant, ROBERT L. ROSENTHAL (ROBERT), as Trustee of a trust known as the Everite Trust. Contemporaneously, the Debtor had prepared and recorded a Declaration of Trust relating to the said Trust. The Debtor was the Trust's original sole beneficiary, and the condominium was and always has been the Trust's sole asset.

The Declaration of Trust provided, inter alia, that it, "may be terminated at any time by the beneficiaries ... by notice in writing to the Trustee..." It also provided that: "... The trustee shall have no power to deal in or with the trust estate except as directed by all of the beneficiaries."

Sometime thereafter, a schedule of beneficial interests was prepared naming the remaining Defendants, HELEN I. ROSENTHAL (HELEN), the Debtor's wife, and DONALD J. ROSENTHAL (DONALD), the Debtor's other son, as each holding fifty (50%) percent of the beneficial interest in the Everite Trust. This schedule was executed by ROBERT, as Trustee, but was not executed by the Debtor. The Court has not been provided with any writing executed by the Debtor purporting to transfer his interest in the Trust to HELEN, DONALD, or any other party. HELEN and DONALD paid no consideration for acquiring the Debtor's interest in the Trust.

Notwithstanding the attempted transfer of his entire interest in the Everite Trust, the Debtor has exercised continuous dominion over the condominium from its acquisition through and subsequent to the filing of his Voluntary Bankruptcy Petition under Chapter 7, Title 11 U.S.C. in May of 1982.

The Debtor, with his wife, has been the only resident of the condominium and presently resides there. The Debtor guaranteed the payment of the existing mortgage on the condominium and has paid all of the mortgage and insurance payments, real estate taxes and condominium assessments on the property with his own funds or with funds borrowed from his wife. As recently as 1979, the Debtor furnished at least one of his creditors with financial statements which represented that he personally owned the condominium. Since he acquired the condominium, the Debtor has deducted the taxes and interest payments on the mortgage on the property from his personal Federal income tax returns.

The Court concludes that under Massachusetts law, the nature of the Debtor's original interest in the Everite Trust is that of an interest in real property which can be transferred only in accordance with the

Massachusetts Statute of Frauds. *Mass. G.L. c.* 259 § 1; *Matthews v. Thompson,* 186 Mass. 14, 71 N.E. 93 (1904); *Tzitzon Realty Co., Inc. v. Mustonen,* 352 Mass. 648, 227 N.E.2d 493 (1967); *Guarino v. Zyfers,* 9 Mass.App. 874, 401 N.E.2d 857 (1980); *Bibi v. Courville,* 357 Mass. 782, 260 N.E.2d 156 (1970); and, *Richards v. Richards,* 75 Mass. 313; 9 Gray 313 (1857). See also *Mass.G.L. c.* 183 § 3, and *Bogert On Trusts,* 2 Ed., § 190, page 476, Note 23.

As there exists no writing executed by the Debtor conveying his original interest in the Everite Trust, the Court concludes that no effective conveyance of that interest has ever been made.

The execution by the Everite Trustee of the schedule purporting to convey the Debtor's interest to his wife and son is ineffective pursuant to the express language of the Trust's declaration which prohibits the Trustee from dealing with the Trust property.

The Court concludes that at the time his Bankruptcy Petition was filed, the Debtor continued to own the entire beneficial interest in the Everite Trust. Since the terms of the Everite Trust permit its beneficiary to terminate it at any time, under Massachusetts law the Debtor's interest can be attached by creditors. *New England Merchants National Bank of Boston v. Hoss,* 356 Mass. 331, 249 N.E.2d 635 (1969); and, *Forbes v. Snow,* 239 Mass. 138, 131 N.E. 299 (1921).

Therefore, the Court finds that the condominium is property of the Debtor's bankruptcy estate, pursuant to 11 U.S.C. § 541(a).

The Court rejects the Debtor's argument that the relationship between the Debtor and the Everite Trustee is that of principal and agent. Even if that relationship existed, the Defendants have failed to prove any act of ratification by the Debtor of the Everite Trustee's otherwise expressly prohibited conveyance.

Further, the Court's findings are strongly supported by the Debtor's own conduct towards the condominium since its acquisi-

tion. The Debtor paid for the condominium and has since used it for his benefit. The Debtor has received a discharge of his debts which were accumulated while his assets were being placed in the condominium by way of mortgage payments and otherwise. Under these circumstances, it would be inequitable to permit the Debtor to retain the condominium under the guise of the Everite Trust. Indeed, equity compels the turnover of the condominium to the Debtor's bankrupt estate to, at least partially, satisfy the claims of his creditors.

For the foregoing reasons, the condominium should be turned over to the Plaintiff pursuant to 11 U.S.C. §§ 542(a) and 543(b).

As is required by B.R. 921(a), a separate Judgment will be entered compelling the turnover of the condominium.

### FINAL JUDGMENT

This Court has jurisdiction of the parties and the property which is the subject of this action. In conformity with the findings of fact and conclusions of law of even date, it is:

ORDERED and ADJUDGED:

That the Defendants, ROBERT L. ROSENTHAL, Trustee, DAVID V. ROSENTHAL, HELEN I. ROSENTHAL AND DONALD J. ROSENTHAL, are ORDERED and DIRECTED to surrender, deliver and turnover forthwith to the Plaintiff, pursuant to 11 U.S.C. §§ 542(a) and 543(b), the real property located in Boston, Suffolk County, Massachusetts, which real property is a condominium, more particularly described as follows:

Condominium Unit No. 11–F in the Condominium, organized in accordance with G.L. c. 183A, known as 180 Beacon Condominium, created by a master deed dated November 15, 1971, recorded November 19, 1971, in Book 8492, Page 344, as amended by instrument dated December 1, 1971, recorded in Book 8497, Page 425, all of which documents were recorded in Suffolk County Registry of Deeds, Suffolk County, Massachusetts; the street address of said property being Unit No.

11–F, 180 Beacon Street, Boston, Massachusetts.

It is further ORDERED and ADJUDGED that the Defendants shall execute and deliver to the Plaintiff such deeds or other instruments as may be required to perfect the Plaintiff's right, title and interest in and to the real property described above. The Court hereby retains jurisdiction over this matter to enter such further Orders as may be necessary to perfect the Plaintiff's right, title and interest in and to the real property described above should the Defendants fail to comply with the terms of this Judgment. Costs may be taxed on Motion.