HERMAN W. FRENCH & others, trustees, *vs.* WALTER BALLANTYNE & another.

Norfolk.    May 2, 1939. — June 28, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Trustee Process. Executor and Administrator*, Appointment. *Evidence*, Presumptions and burden of proof. *Assignment.*

One named in a will as executor was not chargeable in trustee process under G. L. (Ter. Ed.) c. 246, § 21, where the writ was served upon him before issuance by the court of his letter of appointment although after probate of the will and approval of his bond.

Under G. L. (Ter. Ed.) c. 246, § 16, statements in answers to interrogatories by one summoned as trustee in trustee process, that, previous to service upon him, the defendant had made an assignment of all sums due or becoming due from the alleged trustee, required the trustee's discharge.

The mere fact, that an assignment by the defendant of a claim against an alleged trustee in trustee process, made before service upon the trustee, was to the attorney for the defendant and the alleged trustee, did not warrant a finding that the assignment was invalid.

CONTRACT. Writ in trustee process in the District Court of East Norfolk dated March 3, 1937.

Motions relating to charging the alleged trustee were heard by *McLeod*, J.

*L. Rubin*, for the plaintiffs.

*W. J. Good*, for the alleged trustee, submitted a brief.

COX, J. The only question in this case is whether the plaintiffs' motion to charge Walter Ballantyne, Jr., "Executor of the Estate of Joseph Gschwendtner, as trustee of the principal defendants' goods, effects and credits," should have been allowed. The writ was served on the alleged trustee on March 5, 1937, and he answered under oath on March 17, 1937, that he had "No Funds." In his answers under oath filed on April 14, 1937, to the plaintiffs' interroga-

tories he stated, among other things, that he was not an executor of the estate of Joseph Gschwendtner, and that he had no goods, effects, and credits belonging to the defendants in his possession as such executor. At the hearing on the motion to charge the trustee, copies of the probate records of the estate of Gschwendtner were introduced. See *Garratt-Ford Co.* v. *Brennan*, 232 Mass. 493, 498. From these it appears that Joseph Gschwendtner, of Richmond, Virginia, and Walter Ballantyne, Jr. (the alleged trustee) were named as executors in the will, which was allowed February 10, 1937. Ballantyne's bond as executor was examined and approved, and Joseph Gschwendtner's bond as executor was "allowed," on the same day. The executors' letter did not issue until April 14, 1937. It is dated on the day of issue, is addressed to both executors, and recites that "You are appointed the executors of the last will and testament of Joseph Gschwendtner . . . which will was proved and allowed on the tenth day of February A.D. 1937, . . ." The trial judge allowed the plaintiffs' motion to charge the trustee, but the Appellate Division found that there was prejudicial error in this and ordered the entry made of "Motion to charge Trustee denied." The plaintiffs appealed from this decision. The plaintiffs state in their brief that the letter of appointment did not issue until April 14, 1937, because the nonresident co-executor did not file an appointment of an agent (G. L. [Ter. Ed.] c. 195, §§ 8–10) when he filed his bond.

We do not decide whether, in the circumstances of this case, service of a trustee writ upon one alleged executor only is sufficient, or whether, where two or more executors are named in a will who are competent and suitable persons, and who accept the trust, the appointment of one pending the appointment of the others is effective. See G. L. (Ter. Ed.) c. 192, § 4.

The case of *Davis* v. *Davis*, 2 Cush. 111, was a scire facias against the defendant as trustee of Estes Davis, who was entitled to a distributive share in an estate in which the defendant was appointed administrator by decree signed by the judge of probate on October 11. The defendant pre-

sented his bond, which was approved, and letters of administration were granted to him by the judge of probate on October 12. The defendant was summoned as trustee of Estes Davis on October 11 after the decree appointing him administrator had been signed. It was held that the defendant did not have in his hands, as administrator, any goods and effects of his intestate on October 11, and that the service of the trustee process on him on that day was premature and fruitless. In *Mechanics' Savings Bank* v. *Waite*, 150 Mass. 234, the trustee, at the time he was summoned, had given bond and had received his letters of administration. It was said, at page 235, by Holmes, J.: "It is settled that the principal debtor's distributive share of an estate in the hands of an administrator may be attached by trustee process as soon as the administrator has given bond and has received letters of administration." In *Brown* v. *Floersheim Mercantile Co.* 206 Mass. 373, in pointing out the difference between the actual possession required of a person summoned as trustee under what is now G. L. (Ter. Ed.) c. 246, § 20, and the constructive possession where attachment is made under what is now G. L. (Ter. Ed.) c. 246, § 21, of the distributive share of an heir in the hands of an administrator, the court said, at page 376, that in the latter case "the attachment may be made as soon as the bond has been given and letters of administration issued." In the case of *Worcester County National Bank, petitioner*, 263 Mass. 444, it was said by Rugg, C.J., at page 454: "The suggestion in the brief of the petitioner that, 'strictly speaking, a court cannot appoint an executor,' is without merit in this connection. Probate courts are required to find that a person named as executor 'is legally competent and a suitable person' before issuing letters testamentary. G. L. c. 192, § 4. The form of letter testamentary in common use by probate courts and doubtless approved by this court under G. L. c. 215, § 30, begins with the assertion, after naming the person, 'You are appointed executor.' He has no legal authority as executor until so appointed. Manifestly the executor is appointed by the court as the result of a judicial decision."

In the case of *Wells* v. *Child*, 12 Allen, 330, a will was offered for probate on June 28, 1862, and the defendants, as executors, gave bond dated June 28, 1862, and the approval written thereon by the judge of probate bore the same date. On August 16, 1862, the judge decreed that the will be admitted to probate and that letters testamentary be issued to the defendants. The bond was filed in the probate office on August 16. In the course of the decision to the effect that August 16 must be deemed the time of giving bond from which the special statute of limitations began to run, the court said, at page 332: "The bond could have no operation before the letters testamentary were issued; and the formal order of the judge that they should give bond without sureties was incorporated in the same decree which admitted the will to probate and ordered the letters testamentary to issue. . . . Under these circumstances, the 16th of August, being the day on which the bond was delivered and first had any legal operation or effect, must be deemed the time of 'giving bond,' . . . from which the special statute of limitations begins to run." See *Knight* v. *Grant*, 219 Mass. 199.

We think these cases are decisive of the point that on March 5, 1937, when the writ was served upon the trustee in the case at bar, he had no funds of the estate and was not chargeable.

It appears, however, that on May 12, 1937, a special precept of attachment issued, which was served on Ballantyne, Jr., as alleged trustee, and that he answered, "No Funds." Additional interrogatories were filed, and from the alleged trustee's answers, it appeared that on March 17, 1937, the defendant Frances Ballantyne, who was bequeathed $800 by the testator's will, made an assignment to William J. Good of all money due, or becoming due, her from the testator's estate. G. L. (Ter. Ed.) c. 246, § 16, provides that the answer and statements of a trustee on oath shall be considered as true in determining how far he is chargeable; but either party may allege and prove any facts material in determining such question and not stated or denied by the trustee. As to the service of the special

precept, we think the plaintiffs are precluded by these provisions. *Shaw* v. *Bunker*, 2 Met. 376, 380. *Bostwick* v. *Bass*, 99 Mass. 469. *Phillips* v. *Meagher*, 166 Mass. 152, 153, and cases cited. Compare *Jewett* v. *Morrison*, 175 Mass. 161; *Dunham Brothers Co.* v. *Gordon*, 289 Mass. 502.

The burden was upon the plaintiffs to show that the alleged trustee ought to be charged. *Workers' Credit Union* v. *Hannula*, 285 Mass. 159. The fact that the assignment was made to the attorney for the defendants and the alleged trustee, nothing more appearing, does not warrant a finding that the assignment is not valid.

*Order of the Appellate Division affirmed.*