New England Merchants National Bank of Boston *vs.* Robert O. Hoss, individually and as executor, & another, trustee.

Suffolk.    April 9, 1969. — July 1, 1969.

Present: Wilkins, C.J., Spalding, Cutter, Kirk, & Spiegel, JJ.

*Equity Jurisdiction*, To reach and apply. *Bills and Notes*, Expenses of collection, Attorney's fee. *Guaranty.*

In a suit in equity under G. L. c. 214, § 3 (7), to reach and apply an interest of the defendant in a decedent's estate, a contention that the court had no jurisdiction because such interest could have been attached in an action at law in trustee process under c. 246, § 21, was without merit where it appeared that at the time the bill was filed and process served on the defendant no executor of the estate had been appointed and therefore an effectual attachment could not have been made. [333–334]

A suit in equity under G. L. c. 214 § 3 (7), to reach and apply an interest of the defendant in a testatrix's estate was prematurely brought where

---

it appeared that at the time the bill was filed and process served on the defendant the testatrix's will had not been probated and therefore there was no "property, right, title or interest" under the will which could be then reached; a subsequent amendment to the bill stating that since the original filing thereof the will had been probated and an executor appointed did not relate back and cure the defect. [334–335]

A suit in equity could be maintained under G. L. c. 214, § 3 (7), to reach and apply an interest of the defendant in a trust. [335]

Where it appeared in a suit in equity that in an agreement with the plaintiff the defendant guaranteed "payment and fulfillment . . . of all liabilities, obligations and undertakings" of a certain corporation and agreed "to the provisions of any notes or other instrument and agreements evidencing the liabilities, obligations and undertakings hereby guaranteed," that subsequently the corporation gave the plaintiff a demand promissory note providing for payment upon default of "costs of collection including reasonable fees of an attorney," and that the corporation defaulted on the note, it was held that in the circumstances the plaintiff was entitled to recover from the defendant reasonable attorney's fees incurred in collection of the note, including reasonable attorney's fees incurred in contesting an appeal by the defendant from the final decree. [335–336]

BILL IN EQUITY filed in the Superior Court on September 27, 1967.

An interlocutory decree overruling a demurrer was entered by *Pecce*, J., and the suit was heard on the merits by *Kalus*, J.

*Robert J. Morrissey* for the defendants.

*J. Owen Todd* for the plaintiff.

SPALDING, J.   This is a bill to reach and apply against Robert O. Hoss and his brother, Carl L. Hoss, as the sole surviving trustee of a family trust.  The bill, which recited a debt due from Robert to the plaintiff based on a guaranty agreement, sought to reach the interest of Robert in his mother's estate and his remainder interest in the trust.

Following the sustaining of a demurrer of the two defendants, the plaintiff moved to amend the bill, and the motion was allowed.  The amended bill added an allegation that the will of Hildegard B. Hoss (the mother) was admitted to probate on October 16, 1967, and Robert, who was appointed executor thereof, has duly qualified as such.  An interlocutory decree was entered overruling a demurrer to

the amended bill, and Robert O. Hoss (hereinafter, both individually and as executor, called the defendant) appealed.[1]

From the pleadings, the report of material facts, and the evidence (which was reported), the following facts appear: On June 23, 1964, the defendant entered into a written "agreement of guaranty" with the plaintiff in which the defendant guaranteed "payment and fulfillment . . . of all liabilities, obligations and undertakings of Handschumacher and Company, Incorporated [Handschumacher] . . . now existing or hereafter arising or acquired." Handschumacher gave the plaintiff on November 1, 1965, a demand promissory note, of which $25,522.80 (together with interest) remains unpaid. The note provided for the payment upon default of "costs of collection including reasonable fees of an attorney."

The judge ruled that the guaranty was a valid obligation of the defendant and found for the plaintiff in the amount of the principal and interest due. He also found that the defendant was liable for attorney's fees in the amount of $2,500 for the costs of collection upon default. From a final decree in accordance with these findings, the defendant appealed.[2]

1. The bill was brought under G. L. c. 214, § 3 (7), which confers jurisdiction in equity in suits by creditors "to reach and apply, in payment of a debt, any property, right, title or interest, legal or equitable, of a debtor . . . which cannot be reached to be attached or taken on execution in an action at law." The defendant contends that his interest in his mother's estate could have been "reached to be attached or taken on execution in an action at law" and that the court therefore had no jurisdiction in equity. More specifically, he urges that his interest could have been attached under

---

[1] Before the demurrer was overruled, the bill was dismissed as against Carl L. Hoss.

[2] Paragraph 1 of the decree adjudged that such sums were due to the plaintiff from the defendant individually and ordered him to pay them. Paragraph 2 provided that, if the defendant individually failed to pay such sums within a stated time, he, as executor of his mother's will, should pay them "from the moneys and other properties" passing to him individually under her will "and through" her estate. Paragraph 3 provided for the issuance of execution. REPORTER.

G. L. c. 246, § 21, which provides, "Debts, legacies, goods, effects or credits due from or in the hands of an executor or administrator as such may be attached in his hands by trustee process."

It is true that the court had no jurisdiction in equity with respect to the legacy if an effectual attachment of it by trustee process was available. See *Vantine* v. *Morse,* 104 Mass. 275; *Brown* v. *Floersheim Merc. Co.* 206 Mass. 373, 377; *Hooker* v. *McLennan,* 236 Mass. 117, 118. An attachment by trustee process may be made as soon as the executor's bond has been given and the letters testamentary have been issued. *French* v. *Ballantyne,* 303 Mass. 387, 389, and cases cited. But if these conditions have not yet occurred, the service of trustee process is premature and fruitless. *French* v. *Ballantyne, supra,* at 388–390. The original bill was filed on September 27, 1967, and process was served on the defendant during the first week of October. The defendant, however, was not appointed as executor until October 16, 1967. Thus, it is clear that at the time the plaintiff's bill was filed and process was served on the defendant, an effectual attachment by trustee process could not have been made because the defendant had not yet qualified as the executor.

The defendant responds that the bill to reach and apply the defendant's interest under his mother's will must also have been premature. We agree. A will has no legal effect, and no property passes under it, until it is probated. *Brignati* v. *Medenwald,* 315 Mass. 636, 637. Thus, there was no "property, right, title or interest" under the will that could be reached when the original bill was filed, since the will had not then been probated. The subsequent amendment, stating that the will had been probated and the defendant appointed as executor, did not cure this defect. By this date the plaintiff could have made an effectual attachment by trustee process and therefore could not resort to the equitable attachment provided by G. L. c. 214, § 3 (7). The amended bill did not relate back to the date of the filing of the original bill, and therefore, the fact that trustee process

was not available as of that earlier date does not aid the plaintiff. See *Brooks* v. *Boston & No. St. Ry.* 211 Mass. 277. See also *Judkins* v. *Tuller*, 277 Mass. 247, 250; *Webster Thomas Co.* v. *Commonwealth*, 336 Mass. 130, 136. Thus the plaintiff has failed to show that the court obtained jurisdiction because of the bill to reach and apply the defendant's interest under his mother's will.

But the amended bill also sought to reach and apply the defendant's interest in the trust. This bill alleged that the defendant had a "5/60 beneficial remainder interest in the principal and any undistributed income" and that the property could not be reached to be attached or taken on execution in an action at law. Equitable interests in a trust may be reached and applied. *Alexander* v. *McPeck*, 189 Mass. 34, 39–43. *Whiteside* v. *Merchants Natl. Bank*, 284 Mass. 165, 175. Accordingly, the court had jurisdiction under G. L. c. 214, § 3 (7), and the defendant's demurrer to the amended bill was properly overruled.

2. The only other question presented is whether the plaintiff was entitled to recover for attorney's fees. In the note given by Handschumacher to the plaintiff, the former agreed "to pay upon default costs of collection including reasonable fees of an attorney." The agreement of guaranty contained no such specific provision. But the defendant guaranteed "payment and fulfillment . . . of all liabilities, obligations and undertakings of Handschumacher" and agreed "to the provisions of any notes or other instrument and agreements evidencing the liabilities, obligations and undertakings hereby guaranteed."

We are of opinion that the defendant's agreement of guaranty included the attorney's fees. We recognize that, although there are not many cases dealing with this precise question, some hold that the guarantor ordinarily is not liable for attorney's fees. See *Cooke* v. *Mesmer*, 164 Cal. 332, 342–343; *Abbott* v. *Brown*, 131 Ill. 108, 114; *Schauer* v. *Morgan*, 67 Mont. 455, 471. See also *D. W. Jaquays & Co.* v. *First Sec. Bank*, 101 Ariz. 301, 306. But compare *Straf* v. *Colonial Factors Corp.* 273 F. 2d 554, 560 (8th Cir.); *North*

*Pac. Fin. Corp.* v. *Howell-Thompson Motor Co.* 162 Wash.
387, 393. We also recognize that we stated in *Schneider* v.
*Armour & Co.* 323 Mass. 28, 30, "A guaranty to assume and
pay the indebtedness of another includes an obligation to
pay interest but it does not generally contain an undertaking
to pay the attorney's fees of the creditor." But an examina-
tion of the original papers in that case indicates that the
defendants assumed certain obligations totaling $11,000 but
no others. In contrast, in the case at bar the defendant's
guaranty was not limited in amount and covered the fulfill-
ment, as well as the payment, of all of Handschumacher's
obligations. Moreover, the defendant agreed to the pro-
visions of any notes signed by Handschumacher. In these
circumstances the defendant's guaranty was so extensive in
scope that it covered the attorney's fees.

The case of *Krinsky* v. *Leventhal,* 323 Mass. 160, which the
defendant cites, is distinguishable. In holding that the
guaranty did not cover the attorney's fees, the court relied
on the fact that the defendant had specifically struck out the
words "together with all legal and other expenses of collec-
tion," which the plaintiff had originally included. The court
had indicated that the terms of the guaranty *might* have been
sufficient by themselves to show that legal expenses were
not covered. But the guaranty, which applied only to "the
punctual payment at maturity" of the note, was more
limited in scope than the guaranty in the case at bar.

3. The plaintiff contends that it is entitled to recover its
costs and reasonable attorney's fees arising out of defend-
ing this appeal, in addition to the attorney's fees already
awarded. Although not all cases have agreed on this point,
we believe the majority and preferable rule is to allow such
fees in these circumstances. See *Wilson* v. *Wilson,* 54 Cal.
2d 264, 272; *Vaughn* v. *Vaughn,* 91 Idaho, 544, 548; An-
notation, 52 A. L. R. 2d 863, § 3 (a).

4. The interlocutory decree overruling the demurrer is
affirmed. The final decree is to be modified as follows:
1. Paragraph 2 is to be eliminated in its entirety. Para-
graphs 1 and 3 are to be modified to provide, in addition to

the sums mentioned therein, for an amount to be awarded the plaintiff for its reasonable attorney's fees on appeal. The case is to be remanded to the Superior Court which, if the parties are unable to agree, is to determine this amount. Except as herein modified, the final decree is affirmed. The plaintiff is to have costs of appeal.

*So ordered.*