Discussion [2]
Standard of Review
Summary judgment is appropriate when the moving party establishes that *204 "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" when the evidence is such that it would permit a reasonable factfinder to find in favor of either party with regards to that particular point. Morris v. Gov't Dev. Bank of Puerto Rico , 27 F.3d 746, 748 (1st Cir. 1994). A fact is "material" when it may affect the outcome of the suit under the applicable law. Id. It is the burden of the moving party to establish the lack of genuine issues of material facts, entitling them to summary judgment as a matter of law. Celotex Corp. v. Catrett , 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This burden can be made by "offering evidence to disprove an element of the plaintiff's case or by demonstrating an 'absence of evidence to support the non-moving party's case.' " Rakes v. United States , 352 F.Supp.2d 47, 52 (D. Mass. 2005)aff'd , 442 F.3d 7 (1st Cir. 2006) (quoting Celotex , 477 U.S. at 325, 106 S.Ct. 2548 ). The court must look to "the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in the party's favor". Barbour v. Dynamics Research Corp. , 63 F.3d 32, 36 (1st Cir. 1995).
Statute of Limitations
Defendants contend that the entire action is time barred by the one year statute of limitation, Mass. Gen. L. c. 190B, § 3-803(b), which prohibits creditors from reaching trust assets if suit is not filed within one year of the grantor's death, which he claims requires the limitation to be March 3, 2010, one year after Belanger took his own life. Plaintiff argues that his Complaint is not time barred because his claim of reach and apply would be held to the statute of limitations set forth in Mass. Gen. L. c. 260 § 20, allowing 20 years.
With respect to the absence of a limitation period for judgments, see Mass. Gen. Laws c. 260, § 20 ("A judgment decree of a court of record of the United States or of any state thereof shall be presumed to be paid and satisfied at the expiration of twenty years after it was rendered."), the Defendants state that "[i]n no sense would such a period act as a true statute of limitations to bar a claim based on the passage of time." A period of limitations of 20 years for actions on judgments applies to judgment creditor's suit for creditor's bill against judgment. See Foster v. Evans (1981) 429 N.E.2d 995, 384 Mass. 687.
Reach and Apply
Massachusetts law clearly holds that a creditor may "reach and apply" a debtor's interest in intangible property that cannot otherwise be executed against in an action at law, Mass. Gen. L. c. 214, § 3(6), including a debtor's beneficial interest in trusts. Tilcon Capaldi, Inc. v. Feldman , 249 F.3d 54, 59 (1st Cir. 2001), citing New Eng. Merchs. Nat'l Bank of Boston v. Hoss, 356 Mass. 331, 249 N.E.2d 635, 638 (1969). A non-statutory reach and apply action requires three elements, requiring that creditor have secured judgment, unsuccessfully sought to execute on judgment, and "property which could not be taken on execution at law." Cavadi v. DeYeso , 458 Mass. 615, 625, 941 N.E.2d 23, 32 (2011). Recovery under the third step requires plaintiff to show that the "property, by its nature, is incapable of attachment *205 or of taking on execution in a legal action." Massachusetts Electric Co. v. Athol One, Inc. , 391 Mass. 685, 462 N.E.2d 1370, 1372 (1984) ; see In re Rare Coin Galleries of America, Inc. , 862 F.2d 896, 904 (1st Cir. 1988) ("creditor can reach and apply in payment of any 'debt' a variety of a debtor's interests that are unavailable for ordinary attachment or levy"). An equitable asset of the debtor held in trust is a classic example of a debtor's interest not recognized by a court of law. See Cavadi , 458 Mass. at 625, 941 N.E.2d 23 ("intangible assets and assets held in trust" are "classic examples" of equitable assets "not recognized by courts of law"); see also Eaton v. Federal Nat. Mortgage Association , 462 Mass. 569, 969 N.E.2d 1118, 1125 n.10 (2012) (describing resulting trust in that case as "an equitable device"), see also Allied Home Mortg. Capital Corp. v. Mark, 2014 WL 4964728, at *8 (D. Mass. Sept. 30, 2014).
Each of the three elements required in a common law reach and apply action under Massachusetts law can be found here. Plaintiff obtained a secured judgment against the Estate in the amount of $750,000, dated July 9, 2015, see Attachments to Plaintiff's Statement of Material Facts L.R. 56.1 ( Attachment), Attachment G, p.162 § 1 (Docket No. 117-7), the collection of which would be exclusively against the Trust. See Attachment E, p.158 (Docket No. 117-5). The past decade of litigation speaks to both an unsuccessful attempt to execute on the judgment and the unavailability of a legal remedy. Because legal title to and possession of the funds was in the name of the Trust at the time of the entry of the Consent Judgment in the wrongful death case, Plaintiff had no legal remedy either by attachment or levy on execution. See Tilcon Capaldi , 249 F.3d at 61.
Spendthrift Trusts
Citing Tilcon Capaldi , Defendants contend that the spendthrift provision of the Trust prevents any creditor from reaching and applying a debtor's interest. See Tilcon Capaldi , 249 F.3d at 59. The spendthrift provision is codified in the Massachusetts Uniform Trust Code, M.G.L. c. 203E, § 505(a)(2), inserted by St. 2012, c. 140 § 56, which provides that notwithstanding the presence of a spendthrift provision, "[w]ith respect to an irrevocable trust, a creditor or assignee of the settlor may reach the maximum amount that can be distributed to or for the settlor's benefit." Id. See Restatement (Second) of Trusts § 156(2) (1959) ("Where a person creates for his own benefit a trust for support or a discretionary trust, his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit"). See also Restatement (Third) of Trusts § 58 (2003).
A recent Appeals Court case in Massachusetts, expounds on the issue of spendthrift clauses based on facts similar to the one at bar. See Calhoun v. Rawlins , 93 Mass.App.Ct. 458, 106 N.E.3d 684, 687-90 (2018).[3] "When faced with the question whether creditors may reach the assets of spendthrift trusts, our cases distinguish between spendthrift trusts that are created by third parties, such as parents, and spendthrift trusts that are self-settled by an individual who is both settlor and beneficiary. It has long been the law in this *206 Commonwealth that a trust created by a third-party settlor may protect a beneficiary's interest in the trust from creditors through spendthrift provisions." Calhoun , 106 N.E.3d at 688, citing Broadway Natl. Bank v. Adams , 133 Mass. 170, 173-174 (1882) ; Pacific Natl. Bank v. Windram , 133 Mass. 175, 176 (1882).
Self-settled trusts, where the beneficiary is also the settlor, cannot be used to protect one's assets from creditors. Id. at 688-90. "The established policy of this Commonwealth long has been that a settlor cannot place property in trust for his own benefit and keep it beyond the reach of creditors." Ware v. Gulda , 331 Mass. 68, 70, 117 N.E.2d 137 (1954), quoting from Merchants Natl. Bank v. Morrissey , 329 Mass. 601, 605, 109 N.E.2d 821 (1953). "When a person creates for his own benefit a trust for support or a discretionary trust, his creditors can reach the maximum amount which the trustee, under the terms of the trust, could pay to him or apply for his benefit." State St. Bank & Trust Co. v. Reiser , 7 Mass. App. Ct. 633, 636, 389 N.E.2d 768 (1979). "This is so even if the trust contains spendthrift provisions," id. and applies even though the trustee may not have made any distributions to Belanger prior to his death, per the express terms of the Trust, the Trustee could have distributed the full amount of the Trust to Belanger. See Tilcon Capaldi, 249 F.3d at 60 ("[e]ven if the trustee chooses not to make any payments to the beneficiary, a creditor may still reach the maximum amount the trustee could pay.") Citing 2A Scott & Fratcher, Law of Trusts § 156.2, at 178 (1987) ). Here, as in Calhoun , the proper application of G. L. c. 203E, § 505(a )(2) allows the Plaintiff to access the Trust on the facts and circumstances of this case.
Conclusion
For the foregoing reasons, Defendants' Motion for Summary Judgment (Docket No. 106) is denied and Plaintiff's Motion for Partial Summary Judgment is granted (Docket No. 115). Judgment shall enter for the Plaintiff, as set forth below:
1. The Court allows Plaintiff to reach and apply the interest of the Estate from the Trustee and the Trust in order to allow the payment of the judgment previously entered in the Wrongful Death Case (3:10-08133-DKD) in the amount of $750,000 and;
2. For costs, prejudgment interest, and post-judgment interest according to law.
SO ORDERED .

Venue was transferred from Arizona to Massachusetts, and this Court is obligated to apply the substantive law of Arizona where this case originated. Van Dusen v. Barrack , 376 U.S. 612, 639, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Arizona Courts follow the "most significant relationship test" under the Restatement (Second) of Conflict of Laws (1971 and Supp. 1988) in determining choice-of-law issues. Swanson v. Image Bank, Inc. , 206 Ariz. 264, 268 n. 2, 77 P.3d 439, 441 n.2 (2003) ; Garcia v. General Motors Corp. , 195 Ariz. 510, 516-17, 990 P.2d 1069, 1075-76 (Ariz. App. 1999). Arizona follows the doctrine of depecage in resolving conflicts of laws, thereby allowing the courts to apply different state laws to different issues based on the applicable choice of law principles. See Bryant v. Silverman , 146 Ariz. 41, 42-43, 703 P.2d 1190, 1191-1192 (1985) (internal citations omitted). Applying Arizona conflict of law principles under the Restatement, Arizona law governs the issues concerning the preclusive effect of the Consent Judgment and the time limitations for bringing a claim against the personal representative of a decedent's estate, while Massachusetts law governs issues concerning the claims against the Trust.

That case also involved a self-settled, irrevocable trust in which the settlor did not limit the amount which the trustee, under the terms of the trust could pay him or apply for his benefit. The plaintiffs in Calhoun were attempting to recover damages from the trust of the settlor, stemming from an auto accident that injured the plaintiffs and killed the settlor.