# United States Court of Appeals
## For the First Circuit

No. 18-1164

MAYRA F. PENA,

Plaintiff, Appellant,

v.

HONEYWELL INTERNATIONAL, INC.,

Defendant, Appellee.

Before,
Howard, <u>Chief Judge</u>,
Torruella, Stahl, Lynch, Lipez, Thompson, Kayatta, and Barron, <u>Circuit Judges</u>.

**ORDER OF COURT**

Entered: July 22, 2019

Appellant Mayra F. Pena's petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing en banc be denied.

Pursuant to First Circuit Internal Operating Procedure X(C), the petition for rehearing en banc has also been treated as a petition for rehearing before the original panel. The petition for panel rehearing is denied by a majority of the panel of judges who decided the case. It is ordered that the petition for panel rehearing be denied.

**LYNCH and STAHL, <u>Circuit Judges</u>.** Pena's petition misconstrues the majority opinion, which is fact-specific and concludes on the facts of record that Pena failed to meet the requirements laid out in <u>Cleveland</u> v. <u>Policy Management Systems Corporation</u>, 526 U.S. 795 (1999), to defeat summary judgment. On the facts of record, Pena did not satisfy her burden under <u>Cleveland</u> to provide an explanation "sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless 'perform the essential functions' of her job, with or without 'reasonable accommodation.'" <u>Id</u>. at 807.

The record shows that Pena was given multiple opportunities throughout her deposition to clarify her position that despite the Social Security Administration's finding that she was totally disabled on March 8, 2013, the last day she worked at Honeywell, she was still capable of working. For example:

Q:    When you said in the sentence, you know, "I became unable to work because of my disabling condition," did you mean that you were unable to do any work?

A:    Yes, at that time when I stated that, yes, because I was under a lot of medications, and my depression increased.

Q:   Okay.  And as we've already discussed, your application has been approved, and Social Security found that you are fully disabled and, therefore, unable to work; do you understand that?

A:  Yes.

Soon after that exchange, Pena was asked directly about the issue at hand:

Q: Ms. Pena, can you explain why on the one hand you applied for disability benefits and said that you were unable to work at all as of March 8, 2013 and that was found to be accurate, and on the other hand you then assert a claim against Honeywell, which includes an assertion that if you had been given an accommodation, you could have done your job?  Can you explain that to me?

A: About the lawsuit when I went to see them?

Q: Yes.

A: I went to see them, but they asked me, do you want to go back to work, and I said, I don't want to see these people ever anymore.

. . .

Q: But that's not what I'm asking.  What I'm asking is on the one hand you agreed that you applied for [SSDI] benefits, and in that you said that you were completely unable to work as of March 8, 2013, correct?

A: In September.

. . .

Q: The application says, "I became unable to work because" --

. . .

A: I applied with the help of a lawyer. It was with a lawyer that I applied for Social Security.

Q: But in any event, you are saying on the one hand that you are completely unable to work, correct?

A: Yes.

Q: And on the other hand, your complaint against Honeywell says that you could have done your job if you had received an accommodation.

A: When I was seeing [my former attorney], I wanted my job back.

Q: Are you saying that during that period you could have worked?

A: No. . . .

There are other examples of similar exchanges in the record. Pena's self-serving affidavit executed the day after her opposition to the summary judgment motion was due, which contradicted her deposition testimony, did not suffice and does not cure her failure to provide a sufficient explanation. The opinion does not foreclose different successful SSDI beneficiaries from filing ADA claims, provided they reconcile any differences in their positions as required by Cleveland.

**LIPEZ, Circuit Judge, dissenting from the denial of panel rehearing and opposing denial of rehearing en banc.** The majority's speaking order clarifies that its decision is a narrow one, based primarily on Pena's deposition. That important clarification should limit the precedential significance of the decision. Still, the denial of panel rehearing and en banc review leaves in place an unjust decision that is incompatible with the approach to judicial estoppel and summary judgment set forth in Cleveland v. Policy Management Systems Corporation, 526 U.S. 795 (1999).

Although Pena's testimony was not a model of precision-- she never said outright that she could have worked with the accommodation she requested -- a fair reading of the record shows that she adequately articulated her capability to work if accommodated. Moreover, in sections of the deposition ignored by the majority, Pena explained that she only believed herself to be unable to work after Honeywell denied her accommodation request. For example, when asked to identify the point at which she "bec[a]me unable to work at all," she responded, "[t]he same moment that they denied me my job without accommodating me." In the passage of the deposition quoted incompletely in the speaking order, Pena was asked "are you saying that during that period you could have worked?" Her complete answer was "[n]o. After that, since I was denied the accommodation, then my depression started getting worse and worse."

Pena held out hope between March 8, 2013, when Honeywell first rejected her accommodation request, and June 17, 2013, when Honeywell terminated her employment for "job abandonment," that she might be able to return to work with the requested accommodation. But by the time Pena filed her SSDI application in September of 2013, she knew that the

- 3 -

accommodation that she had requested had been repeatedly and decisively denied to her. A jury could thus reasonably find that Pena believed when she applied for SSDI -- and certainly when she was deposed more than three years later in November of 2016 -- that she became "unable to work" as of March 8, 2013 only because Honeywell denied her requested accommodation.

A proper application of <u>Cleveland</u> requires that Pena have an opportunity to present to a jury the explanation of the compatibility of her SSDI application and demand for relief under the ADA. Hence I object to the denial of panel rehearing, and the refusal to rehear this case en banc.

By the Court:

Maria R. Hamilton, Clerk

cc:
Hon. William E. Smith
Hanorah Tyer-Witek, Clerk, United States District Court for the District of Rhode Island
Mark P. Gagliardi
Neal J. McNamara
Jessica S. Jewell
Aaron F. Nadich